<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABRAHAM ROMAN, et al., | : | |
| **Plaintiff,** | : | Civil Action No. 15-4257 (ES) |
| v. | : | **OPINION** |
| DR. JUNAID R. SHAIKH, et al., | : | |
| **Defendants.** | : | |

SALAS, DISTRICT JUDGE

Plaintiffs Abraham Roman and Matthew Ballister, ("Plaintiffs"), a convicted but not yet sentenced prisoner and a pre-trial detainee, respectively, both confined at Union County Jail in Elizabeth, New Jersey at the time of filing, seek to bring this action *in forma pauperis*. Based on their affidavits of indigence, (D.E. Nos. 8-9), the Court will grant Plaintiffs' applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

Plaintiffs bring this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Dr. Junaid R. Shaik, M.D. and the Union County Medical Examiner's Office.[1]   The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.[2]   The Court has made no findings as to the veracity of Plaintiff's allegations.

On October 27 and 28, 2013, Defendant Shaikh performed an autopsy on April Wyckoff, the deceased former girlfriend of Plaintiff Ballister, who Plaintiff Ballister is accused of killing. (D.E. No. 1, Complaint ("Compl.") ¶ 6).   Plaintiffs allege that Defendant Shaikh incorrectly listed the cause of death as a homicide when it was "clearly an accident." (*Id.*).   On December 12, 2012, Defendant Shaikh performed an autopsy on Victor Vasquez, who Plaintiff Roman has been convicted of killing. (*Id.*).   Plaintiffs allege that Dr. Shaikh incorrectly listed the cause of death as homicide when it was "clearly undetermined." (*Id.*).   On May 20 or 21, 2015, Defendant Shaikh gave "damaging and incorrect" testimony as an expert witness in Plaintiff Roman's trial, "leading to an unfounded conviction." (*Id.*).

---

[1] The claim against Union County Medical Examiner's Office will be dismissed without prejudice. A municipality cannot be held liable in a § 1983 action on a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).   Instead, liability may be imposed only where it can be shown that the municipality had a policy, regulation, custom, or practice that led to the constitutional violation. *See Mulholland v. Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). The only allegation against the Medical Examiner's Office is that it employed Defendant Shaikh and is therefore responsible for his actions.   (Compl. at 12).   Because this is not a basis for liability, the claim will be dismissed.

[2] The Court notes that since the initial filing of their joint Complaint, Plaintiffs have filed many separate letters, outlining various issues which have arisen for them individually in their state criminal cases and regarding their own personal conditions of confinement.   (D.E. Nos. 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18).   The issues they raise are completely unrelated to the issues raised in the instant Complaint, and thus will not be addressed here.   Should Plaintiffs wish to bring these issues before the Court, they must do so by filing new complaints in new separate cases; not by sending the Court "updating" letters in a totally unrelated joint proceeding.

Plaintiffs allege the following claims against Defendant Shaikh: (1) falsification of documents; (2) tampering with evidence; (3) "abuse of power as medical examiner"; (4) incorrect determination of death; (5) forging documentation; (6) willful intent to falsify evidence; (7) failure to announce mitigating or exonerating evidence; (8) failure to uphold the office of medical examiner; and (9) negligence and indifference to position of medical examiner.   (*Id.*).

Plaintiffs are seeking the following relief: (1) an investigation into Dr. Shaikh and removal from his position; (2) an injunction staying the criminal sentencing of Plaintiff Roman; (3) an injunction releasing Plaintiffs from jail; (4) an injunction reducing Plaintiffs' bail; (5) an injunction dismissing the charges against Plaintiff Ballister; and (6) monetary damages to both Plaintiffs. (*Id.* ¶ 7).

## II.  DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiffs are prisoners proceeding as indigents.

3

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Analysis

#### 1. Plaintiff Ballister's Claims

##### a. Injunctive Relief

Plaintiff Ballister has requested that this Court enter an injunction releasing him from jail; reducing his bail; and dismissing the charges against him. (Compl. ¶ 7). Requests for release from confinement are not cognizable in a civil rights action and must be raised in a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, said requests are denied.

Moreover, under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), there is a "'longstanding public policy against federal court interference with state court proceedings' [that] generally requires federal courts to abstain from involvement in state criminal proceedings." *Duran v. Weeks*, 399 F. App'x 756, 758 (3d Cir. 2010) (quoting *Younger*, 401 U.S. at 43-44; citing *Coruzzi v. New Jersey*, 705 F.2d 688, 690 (3d Cir. 1983)). "'Abstention under *Younger* is appropriate only if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

As the Complaint makes clear, Plaintiff Ballister is in the midst of ongoing criminal proceedings. This state criminal proceeding implicates important state interests. *See id.* ("The criminal proceedings against Duran are ongoing and implicate the State of New Jersey's important interest in bringing to justice those who violate its criminal laws" (citing *Younger*, 401 U.S. at 51-52)).   Furthermore, Plaintiff has the opportunity to raise his claims in those state criminal proceedings. *See id.*   Accordingly, pursuant to *Younger*, to the extent Plaintiff is requesting that this Court intervene and order relief in his criminal proceeding, such requests are denied. *See Tinsley v. Adams*, 248 F. App'x 309, 311 (3d Cir. 2007) ("Absent extraordinary circumstances, where the danger of irreparable loss is both great and immediate, injunctive relief is not available.").

### b.  Monetary Relief

Plaintiff Ballister alleges violations of his constitutional rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh and Fourteenth Amendment.   He later alleges that Defendant Shaikh: (1) falsified documents; (2) tampered with evidence; (3) "abuse[d] of power as medical examiner"; (4) incorrectly determined cause of death; (5) forged documentation; (6) willfully intended to falsify evidence; (7) failed to announce mitigating or exonerating evidence; (8) failed to uphold the office of medical examiner; and (9) exhibited negligence and indifference to position of medical examiner.   (Compl. ¶ 6).[4]

Most of the constitutional rights that Plaintiff Ballister identifies are not applicable to the facts of his case.[5]   With regard to those constitutional rights which could even arguably apply to

---

[4] Though not clear from the Complaint, these claims appear to be attempts to allege violations under state law, in addition to the federal constitutional violations.

[5] *See Bergdoll v. City of York*, 515 F. App'x 165, 170 (3d Cir. 2013) ("[T]he Due Process Clause

Defendant Shaikh, a Fourth Amendment claim for false arrest/false imprisonment and malicious prosecution and an Eighth Amendment claim for excessive bail, Plaintiff has failed to allege personal involvement on the part of Defendant Shaikh. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) ("[A] plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'" (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988))).

More specifically, "[t]o state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge

---

of the Fifth Amendment only applies to federal officials . . . ." (citing *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983))); *Still v. Hastings*, No. 13-6226, 2015 WL 3934937, at *6 (D.N.J. June 26, 2015) ("[T]he Fifth Amendment right to a grand jury indictment does not apply to state criminal prosecutions . . . ." (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Hurtado v. California*, 110 U.S. 516 (1884))); *Anderson v. Venango Cty., Pa.*, 458 F. App'x 161, 164-65 (3d Cir. 2012) ("[T]o prevail on a § 1983 claim predicated on the [Sixth Amendment] right to a fair trial, the plaintiff must show that the government's alleged pretrial misconduct *resulted* in an unfair trial." (emphasis added)); *Kulwicki v. Dawson*, 969 F.2d 1454, 1467 (3d Cir. 1992) ("Witnesses who testify falsely at trial are" immune from § 1983 actions (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)); U.S. Const. amend. VII ("*In Suits at common law*, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." (emphasis added)); *Perry v. Lackawanna Cty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009) ("[T]he Ninth Amendment does not independently provide a source of individual constitutional rights." (citing *Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007); *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991))); U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted *against* one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (emphasis added)); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) ("[I]f a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of [Fourteenth Amendment] substantive due process." (citation and internal quotation marks omitted)).

are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted).   If there is a false arrest, "the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).   "[F]alse imprisonment consists of detention without legal process"; "a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007).       Here, Plaintiff Ballister has not alleged any facts to indicate that Defendant Shaikh was involved in his arrest and imprisonment.   It is not even clear whether the allegedly incorrect autopsy had been conducted at the time that Plaintiff was arrested and held over by a magistrate; if the autopsy had not occurred at the time of arrest and arraignment, the Court is hard pressed to find how Defendant Shaikh could be liable in a false arrest and/or imprisonment claim.   Based on the limited facts provided, the Court is unable to find that Plaintiff has stated a claim for false arrest and/or false imprisonment against Defendant Shaikh.

To state a claim for malicious prosecution, a plaintiff must plead that

> "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (alteration in original) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)).   Without even addressing the other requirements, Plaintiff cannot state a claim for malicious prosecution at this time because his criminal proceeding has not

ended in his favor. *Id.* Indeed, Plaintiff Ballister is yet to be tried. Therefore, any intended claim for malicious prosecution against Defendant Shaikh is dismissed without prejudice.

Finally, to state a claim for excessive bail under the Eighth Amendment, Plaintiff must allege that his bail was excessive in violation of the Eighth Amendment. As previously stated, because "a public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights," *Baker v. McCollan*, 443 U.S. 137, 142 (1979) (internal quotation marks omitted), Plaintiff must show that Defendant Shaikh actually and proximately caused his bail to be excessive, *see Galen v. Cty. of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007). Even if the Court were to assume that Plaintiff has properly alleged that his bail was excessive, Plaintiff Ballister has not alleged that Defendant Shaikh was in any way involved in the determination of his bail, other than his cause of death determination. However, it is not clear that the autopsy was complete at the time bail was set. Moreover, pursuant to New Jersey Court Rule 3:26-2, a New Jersey Superior Court judge sets the bail for individuals charged with murder, not the medical examiner. As such, Plaintiff Ballister's claim for excessive bail under the Eighth Amendment will be dismissed.

### 2. Plaintiff Roman

While Plaintiff Ballister's criminal trial has not yet commenced, Plaintiff Roman has already been convicted. In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In *Preiser*, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The

9

prisoners did not seek compensatory damages for the loss of their credits. *Id.* at 494.   The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in *Preiser*: whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.   Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted).   The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment:

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff,

10

> the action should be allowed to proceed, in the absence of some
> other bar to the suit.

*Id.* at 487 (footnotes omitted).   The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90.

Here, a favorable outcome on Plaintiff Roman's false arrest, malicious prosecution, and excessive bail claims would necessarily imply the invalidity of his conviction.   The entire basis for those claims is that Defendant Shaikh improperly identified the cause of death as a homicide for the victim in Plaintiff Roman's criminal case, which led to his false arrest, malicious prosecution, and excessive bail.   If Plaintiff is successful on those claims in this case, it would require a finding that Defendant Shaikh's cause of death determination was incorrect, thereby necessarily implying the invalidity of Plaintiff Roman's conviction for reckless manslaughter.[6] Therefore, his claim for damages is not cognizable until his conviction has been overturned on appeal or through a habeas proceeding.[7]   *Id.*   Accordingly, said claims will be dismissed without

---

[6] While a claim for excessive bail does not appear to be one which would necessarily imply the invalidity of an underlying conviction, in this case, the only fact alleged in support of this claim is that Defendant Shaikh improperly determined the cause of death which resulted in the excessive bail.   As such, a determination that the bail was excessive must include a finding that the cause of death was incorrect, which necessarily implies the invalidity of the conviction for reckless manslaughter.

[7] Even if Plaintiff Roman's claims for damages were not barred by *Heck*, they would nevertheless be dismissed for the same reasons as Plaintiff Ballister's claims, as discussed above.

In addition to those reasons, Plaintiff Roman's claims for false arrest/imprisonment and excessive bail may also be time barred.   Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.   *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985).   Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14–2, governs Plaintiff's claims.   The statute of limitations period for a false arrest claim begins to run when the false imprisonment ends.   *Wallace*, 549 U.S. at 389.   A false imprisonment ends once the victim is bound over by a

prejudice.[8]

## III.  CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1),[9] but the Court will grant Plaintiffs leave to file amended complaints.  However, should Plaintiffs wish to file amended complaints, they must do so in separate causes of action.  As discussed in this Court's previous Opinion and Order, (D.E. Nos. 6-7), joinder under Rule 20 is discretionary and when the District Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

Here, Plaintiff Roman's claims are barred by *Heck* and potentially time barred, whereas Plaintiff Ballister's claims are not barred by *Heck* and do not appear to be time barred.  Given the extremely different procedural postures of Plaintiffs' underlying criminal cases, the Court finds it is in the best interest of the parties, and this Court, that their claims be severed into two separate cases.  If Plaintiff Roman wishes to attempt to address the deficiencies of his claims identified

---

magistrate or arraigned on charges.  *Id.*  Here, the Complaint is dated June 13, 2015.  (Compl. at 20).  Therefore, any claims that accrued prior to June 13, 2013 would be time barred.  Plaintiff does not provide the exact date on which he was arraigned/bound over and bail was set; however, since he was arrested in February 2012, (D.E. No. 10, Letter from Plaintiff Roman, Feb. 17, 2015), it appears that these claims may be barred by the statute of limitations.

[8] Plaintiff Roman's requests for release and an injunction preventing sentencing are dismissed for the same reasons as Plaintiff Ballister's injunctive claims, as also discussed above.

[9] To the extent the Complaint could be construed as raising state law claims, the Court declines to exercise supplemental jurisdiction because all federal claims are being dismissed.  28 U.S.C. § 1367(c)(3).

herein, he may file an amended complaint in this civil action.   If Plaintiff Ballister wishes to attempt to address the deficiencies of his claims identified herein, he should file an amended complaint in the new civil action that the Clerk of the Court will be directed to open.[10]   An appropriate order follows.

Dated:   March 24, 2016

_____
Esther Salas, U.S.D.J.

---

[10] Plaintiffs should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   *Id.*