**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MATTHEW BALLISTER, III,** | : | |
| | : | Civil Action No. 16-1691 (ES) |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| **DR. JUNAID R. SHAIKH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

It appearing that:

1. Plaintiff Matthew J. Ballister ("Plaintiff") filed the original Complaint in this matter with a fellow prisoner, Abraham Roman, alleging claims against Defendant Dr. Junaid R. Shaikh regarding his cause of death determinations in their respective state criminal cases. (*See Roman v. Shaikh*, Civil Action No. 15-4257).

2. In an Opinion and Order entered March 28, 2016, this Court severed the claims of Plaintiff and dismissed them in their entirety. (*Id.*, D.E. Nos. 21, 22). The Court granted permission for Plaintiff to file an amended complaint. (*Id.*). After an extension of time, Plaintiff filed said Amended Complaint. (D.E. No. 9).

3. Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of the complaint is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   The plaintiff must plead factual content that states a claim to relief that is plausible on its face.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4.   The Amended Complaint filed in this matter consists of 134 pages and over 300 pages of exhibits raising claims against Dr. Shaikh, New Jersey Superior Court Judge Mega, Union County and the Union County Medical Examiners' Office.   (*Id.*).   The Amended Complaint contains repetitive allegations, spanning dozens of pages, and includes many seemingly unrelated facts.   Moreover, it presents legal conclusions as facts and ignores the findings of this Court in its initial screening Opinion and Order.

5. In this District, courts have dismissed far shorter complaints without prejudice because they did not comply with the "short and plain statement" requirement of Rule 8(a).   *See*, *e.g.*, *Melleady v. Blake*, No. 11–1807, 2011 WL 6303245, at *9–*10 (D.N.J. Dec.15, 2011) (dismissing a 100–page complaint for failure to comply with Rule 8(a)); *Venezia v. Union Cnty. Prosecutor's Office*, No. 10–6692, 2011 WL 2148818, at *1 (D.N.J. May 31, 2011) (dismissing a 55–page complaint, with 200 pages of exhibits, for failing to comply with Rules 8(a), 8(d) and 10(b)); *Rogers v. Morrice*, No. 12-7910, 2013 WL 356196, at *1 (D.N.J. Jan. 29, 2013) (dismissing a 217-page with 195 pages of exhibits for failing to comply with Rule 8(a)).

6.   This Court will accordingly dismiss the Amended Complaint for failure to comply with Rule 8(a)(2).   The dismissal is without prejudice to the filing of a second amended complaint, within 30 days of the date of the entry of the Order accompanying this Opinion, which sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief."   FED. R. CIV. P. 8(a)(2) and otherwise complies with the Court's March 2016 Opinion and Order.

7. An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
