# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
:
:
:
**IN RE: MATTHEW BALLISTER** : **Civil Action Nos. 15-7655 (ES)**
: **15-7865 (ES)**
: **16-1691 (ES)**
:
_____ : **MEMORANDUM**

1. Plaintiff Matthew Ballister, a pretrial detainee confined at the Union County Correctional Facility in Elizabeth, New Jersey, previously had several matters pending before this Court. (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655; *Ballister v. Union County Jail*, Civil Action No. 15-7865; *Ballister v. Shaikh*, Civil Action No. 16-1691).

2. On or about March 2, 2017, the Court entered opinions and orders in these matters, dismissing the respective complaints in their entirety. (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. Nos. 20, 21; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. Nos. 11, 12; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. Nos. 23, 24). The dismissals were *without prejudice* and granted Plaintiff 30 days to file amended complaints. (*Id.*).

3. On March 21, 2017, Plaintiff filed a letter in the three matters, seeking an extension of time to "amend and/or appeal said civil complaints." (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. No. 22; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 13; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. No. 25).

4. Because the discretion to grant an extension of time to file an appeal is more limited than the discretion regarding the filing of an amended complaint, the Court entered an Order on April 4, 2017 requiring Plaintiff to specify whether he is seeking an extension of time to file a notice of appeal or an extension of time to file an amended complaint. (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. No. 23; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 14; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. No. 26).

5. On April 18, 2017, Plaintiff submitted a "Motion for Leave to Amend the Complaint and/or to file an Appeal," wherein he stated that he wished to appeal the decisions by this Court, rather than amend the complaints. (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. No. 24; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 15; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. No. 27).

6. On July 18, 2017, the Third Circuit Court of Appeals remanded Plaintiff's matters to this Court for the "limited purpose of determining whether there is cause to extend or reopen the time for filing a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, based on the allegations and exhibits contained in the document filed as Appellant's Motion to Amend the Complaint and/or to file an Appeal." (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. No. 30; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 20; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. No. 33).

7. A review of Plaintiff's "Motion to Amend the Complaint and/or to file an Appeal" revealed that a page was missing from a document contained in that submission entitled "Request to Appeal Dismissal of Complaints." (*See Ballister v. Union County Prosecutor's [Homicide]*

*Task Force*, Civil Action No. 15-7655, D.E. No. 24; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 15; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. No. 27). Specifically, it appeared that Plaintiff inadvertently left out page four of that document. Because the Third Circuit directed this Court to review that submission to determine whether Plaintiff had met the requirements of Rule 4(a)(5) of the Federal Rules of Appellate Procedure, on August 4, 2017, the Court gave Plaintiff 30 days to submit the missing page. (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. No. 31; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 21; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. No. 34).

8. On September 11, 2017, the Court received Plaintiff's response to its August 4th Order. (*Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 22). It does not appear that Plaintiff has provided the missing page. He provides pages one through three of the "Request to Appeal Dismissal of Complaints" (*id.* at 50-53), but it does not appear that he provided the missing page four. The Court will therefore consider Plaintiff's request based on the documents that have been submitted.

9. Rule 4 of the Federal Rules of Appellate Procedure states that "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

10. As stated above, the Court entered its Opinion and Order dismissing these cases on March 2, 2017; Plaintiff filed his letter seeking an extension of time to "amend and/or appeal" said civil complaints on March 21, 2017; on April 18, 2017, Plaintiff clarified that he wished to appeal the Court's dismissal opinions. (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. Nos. 20-22, 24; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. Nos. 11-13, 15; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. Nos. 23-25, 27).

11. Because his notice of appeal was filed outside the 30 day time period set forth by Fed. R. App. P. 4(a)(1)(A), his appeal would be untimely unless this Court finds good cause or excusable neglect, and grants him an extension under Fed. R. App. P. 4(a)(5)(A).

12. The primary issue before this Court is whether Plaintiff has established that his inability to prepare an appeal in all three cases under the same deadline constitutes excusable neglect.[1] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Grant v. Revera Inc./Revera Health Sys.*, 655 F. App'x 914, 919 (3d Cir. 2016) (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Factors to consider when making this equitable determination include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation omitted) (alteration in original); *see also Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 324 (3d Cir. 2012).

---

[1] *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 n.2 (3d Cir. 2012) ("The good cause standard 'applies in situations in which there is no fault—excusable or otherwise.' Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments).").

13. Here, the Court entered opinions and orders in three separate cases on the same day. Plaintiff, a pro se prisoner, has stated that he does not have access to the law library and must make requests via the jail mail system. (*See Ballister v. Union County Prosecutor's [Homicide] Task Force*, Civil Action No. 15-7655, D.E. No. 22; *Ballister v. Union County Jail*, Civil Action No. 15-7865, D.E. No. 13; *Ballister v. Shaikh*, Civil Action No. 16-1691, D.E. No. 25). He receives the information he requests usually within two weeks. (*Id.*). Because of this system, his ability to research and write is slowed considerably. (*Id.*). He also states that he is suffering from multiple health issues, which affect his ability to prepare his filings in a timely manner. (*Id.*).

14. Based on Plaintiff's status as a pro se prisoner with no access to a law library; his various medical issues; the fact that he needed to prepare his appeal in three separate cases; the short delay in filing his notice of appeal; and his diligence in promptly seeking an extension when he determined that he would be unable to meet the deadline, the Court finds that Plaintiff has established excusable neglect. *See Pioneer*, 507 U.S. at 395.

15. As such, the Court will grant Plaintiff's motion for an extension of time to file an appeal. An appropriate order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**